IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARWIN F. C. S., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:26-cv-73-E-BN |
| | § | |
| PAM BONDI, ET AL., | § | |
| | § | |
| Respondents. | § | |

**ORDER TRANSFERRING CASE**

Petitioner, an immigration detainee, filed a petition under 28 U.S.C. § 2241, challenging his continued detention. *See* Dkt. No. 3. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ada Brown.

Petitioner alleges that he is detained at the South Texas Detention Facility in Pearsall, Texas. *See id.* at 2.

"In general, '[t]he only district that may consider a habeas corpus challenge to present physical confinement pursuant to § 2241 is the district court in which the [petitioner] is confined.'" *Dada v. Witte*, Civ. A. No. 20-1093, 2020 WL 1674129, at *2 (E.D. La. Apr. 6, 2020) (quoting *United States v. McPhearson*, 451 F. App'x 384, 387 (5th Cir. 2011) (per curiam) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004); *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001))).

And, "[i]n challenges to present physical confinement," the United States Supreme Court has "reaffirm[ed] that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Padilla*, 542 U.S. at 439-40 (further noting that, "[i]f the 'legal control' test applied to physical-custody challenges, a convicted prisoner would be able to name the State or the Attorney General as a respondent to a § 2241 petition" but, "[a]s the statutory language, established practice, and our precedent demonstrate, that is not the case").

And the undersigned's survey of recent immigration habeas cases, undertaken in a similarly postured action, revealed that "the immediate-custodian rule is alive and well." *Aguilar v. Johnson*, No. 3:25-cv-1904-K-BN, 2025 WL 2099201, at *1-*2 (N.D. Tex. July 25, 2025) (collecting cases).

The Court may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also id.* § 1631; *Middlebrooks v. Smith*, 735 F.2d 431, 432 (11th Cir. 1984) ("Section 1631 is analogous in operation to 28 U.S.C. §§ 1404(a) and 1406(a).").

The Court may raise this issue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

And a magistrate judge may properly order that a case be transferred to another federal district or another division of the same court as a nondispositive matter under 28 U.S.C. § 636(b)(1)(A). *Cf. Franco v. Mabe Trucking Co.*, 3 F.4th 788 (5th Cir. 2021) (affirming order by magistrate judge, on pretrial management

reference, transferring case under 28 U.S.C. § 1631 (but labeled by judge as 28 U.S.C. § 1406(a)) to another district for want of personal jurisdiction).

Petitioner asserts that he filed in this district because he is detained within the jurisdiction of this district. *See* Dkt. No. 3 at 4. But the South Texas Detention Facility is in Frio County, which is located within the San Antonio Division of the Western District of Texas. *See* 28 U.S.C. § 124(d)(4).

So, under Sections 1406(a) and 1631 and the undersigned's authority granted by Rule 2(a)(3) of the Court's Miscellaneous Order No. 6, the Court will transfer the Section 2241 petition to the San Antonio Division of the Western District of Texas on **February 4, 2026** to allow Petitioner an opportunity to file an objection to Judge Brown within 14 days after being served with a copy of this order. *See* FED. R. CIV. P. 72(a); N.D. TEX. L. CIV. R. 62.2.

If an objection is filed, the order of transfer is stayed pending further order of the Court.

SO ORDERED.

DATED: January 14, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE